[Docket No. 14]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DOCTOR'S ASSOCIATES INC., <br><br> Plaintiff, <br><br> v. <br><br> SURINDER SINGH-LOODU et al., <br><br> Defendants. | Civil No. 13-3030 (RMB/AMD) <br><br> **MEMORANDUM ORDER** |

Plaintiff, Doctor's Associates, Inc., ("Plaintiff") brings this unopposed motion for entry of default judgment to confirm an arbitration award against Defendant Surinder Singh-Loodu and to enforce the same arbitration award against Amie Loodu LLC d/b/a Amie, LLC pursuant to an alter ego theory of liability.

As an initial matter, this Court notes that "[d]efault judgments are generally inappropriate in proceedings to confirm an arbitration award." Trs. of New York City Dist. Council of Carpenters Pension Fund v. Premium Sys., Inc., No. 12-1749, 2012 U.S. Dist. LEXIS 117506, at *7 (S.D.N.Y. Aug. 20, 2012); see Chase Bank USA, N.A. v. Hillis, No. 07-273, 2007 U.S. Dist. LEXIS 31559, at * (W.D. Pa. Apr. 30, 2007)("Rule 55 does not operate well in the context of a motion to confirm or vacate an

arbitration award. . . . [D]efault judgments in confirmation/vacatur proceedings are generally inappropriate. . . .")(quotations and citations omitted).  Instead, an unopposed petition to confirm "should be 'treated as akin to a motion for summary judgment based on the movant's submissions.'"  <u>Trs. of New York City Dist. Council of Carpenters Pension Fund</u>, 2012 U.S. Dist. LEXIS 117506, at *7 (quoting <u>D.H. Blair</u>, 462 F.3d at 109).

While Plaintiff has asserted substantive claims in the Complaint against both Defendants seeking relief identical to that awarded in the arbitration award, there is neither a separate petition to confirm the arbitration award to be treated as a motion for summary judgment nor a request for a default judgment as to the substantive counts of the complaint (i.e., Causes of Action Three through Nine).  As such, this Court will deny Plaintiff's within motion for default judgment without prejudice.  While other Courts have allowed Plaintiff in other matters to confirm an arbitration award under similar circumstances, <u>see</u> <u>Doctor's Assocs., Inc. v. White</u> (<u>Doctor's I</u>), 2013 U.S. Dist. LEXIS 132580 (D.N.J. Sept. 17, 2013), <u>rev'd on reconsid.</u>, <u>Doctor's Assocs., Inc. v. White</u> (<u>Doctor's II</u>), No. 12-cv-07393, 2014 U.S. Dist. LEXIS 11433 (D.N.J. Jan. 30, 2014), this Court believes the proper procedure is two-fold:

1) a petition to confirm the arbitration award as to Defendant Singh-Loodu; and

2) a motion for default judgment against Amie LLC seeking relief as to the substantive counts of the complaint (i.e., Causes of Action Three through Nine).

Plaintiff is free to follow this procedure.

FOR THESE REASONS, IT IS on this **16th** day of **April 2014**, hereby

**ORDERED** that the Plaintiff's motion for default judgment is denied without prejudice as to all Defendants.

<pre>
                              s/Renée Marie Bumb
                              RENÉE MARIE BUMB
                              United States District Judge
</pre>