NOT FOR PUBLICATION                           [Docket No. 18]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| DOCTOR'S ASSOCIATES INC., | |
| Plaintiff, | Civil No. 13-3030 (RMB/AMD) |
| v. | **MEMORANDUM OPINION** |
| SURINDER SINGH-LOODU et al., | |
| Defendants. | |

Plaintiff Doctor's Associates, Inc. ("DA") brings this unopposed Motion for Reconsideration [Docket No. 18], asking this Court to reconsider its denial of a motion for default judgment confirming an arbitration award against Defendants Surinder Singh-Loodu and Amie Loodu LLC d/b/a Amie, LLC.  For the reasons that follow, Plaintiff's motion is granted.

I. Background

DA is the owner of the Subway trade name and related service marks and a franchisor of the chain of sandwich shops. On August 24, 2010, DA entered into a Franchise Agreement with Surinder Singh-Loodu ("Singh-Loodu") for the operation of a Subway in Vineland, N.J.  [Docket No. 14, Ex. A]. The Agreement provides for the arbitration of disputes between the parties. Id.  Under the Agreement, arbitration proceedings commenced and,

on February 25, 2012, an Arbitration Award was entered, which terminated the Franchise Agreement, awarded monetary and injunctive relief, including enjoining Singh-Loodu from using Subway marks or from violating the restrictive covenants contained in the Franchise Agreement. [Docket No. 14, Ex. B].

The Franchise Agreement and Arbitration Award both provide that Singh-Loodu must pay DA $250.00 per day for each day Singh-Loodu continued to use the Subway marks after the issuance of the Arbitration Award. Id. at Exs. A & B. It took Singh-Loodu 97 days to vacate the premises, resulting in an award of $24,250.00 (97 x $250). In addition, DA was awarded $1,250.00 and $1,011.71 in arbitration fees and $6,627.50 in legal fees and costs incurred in connection with confirming and enforcing the Arbitration Award for a total of $33,605.40. Id. at Ex. B.

DA filed a Complaint in this Court seeking to confirm the Arbitration Award on May 10, 2013 against both Singh-Loodu and Amie Loodu, LLC d/b/a Amie, LLC ("Amie") [Docket No. 1]. In addition, the Complaint contains substantive law causes of action to seek relief against Amie LLC under an alter-ego theory and claims seeking relief identical to the relief given by the Arbitration Award. [Id.]. The alter-ego theory of liability allegations state that Singh-Loodu has a controlling voting interest and majority ownership interest in Amie LLC and that "the entity guarantees the obligations of Singh-Loodu to Doctors

Associates." [Docket No. 1 at 10]. The Complaint further alleges that "[a]ll or most payments made by Defendant, Singh-Loodu to Doctors Associates, during the term of, and pursuant to, the Franchise Agreement, have been drawn on a bank account in the name of Defendant, Amie LLC." [Id. at 11].

II. Legal Standard

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F.Supp.2d 610, 612 (D.N.J. 2001). Local Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Agostino v. Quest Diagnostics Inc., No. 04-4362, 2010 WL 5392688, at *5 (D.N.J. Dec. 22, 2010) (citing Bryan v. Shah, 351 F. Supp. 2d 295, 297 (D.N.J. 2005); Bowers, 130 F. Supp. 2d at 612).

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (internal citation omitted). Reconsideration is to be granted only sparingly. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). Such motions "may not be used to relitigate old matters, or to raise arguments or present

3

evidence that could have been raised prior to the entry of judgment." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515-16 (D.N.J. 1996) (internal citation omitted). Third Circuit jurisprudence dictates that a Rule 7.1(i) motion may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); Agostino, 2010 WL 5392688, at *5.

III. Discussion

    Previously, this Court held that while other Courts have allowed Plaintiff in other matters to confirm an arbitration award under similar circumstances, see Doctor's Assocs., Inc. v. White (Doctor's I), 2013 U.S. Dist. LEXIS 132580 (D.N.J. Sept. 17, 2013), rev'd on reconsid., Doctor's Assocs., Inc. v. White (Doctor's II), No. 12-cv-07393, 2014 U.S. Dist. LEXIS 11433 (D.N.J. Jan. 30, 2014), the proper procedure was for Plaintiff to 1) file a petition to confirm the arbitration award as to Defendant Singh-Loodu, and 2) file a motion for default judgment

4

against Amie LLC seeking relief as to the substantive counts of the Complaint (i.e., Causes of Action Three through Nine).

Plaintiff has convinced the Court reconsideration is necessary because Plaintiff's Complaint is properly treated as a petition to confirm because Plaintiff has met the notice requirements and requested the appropriate relief.  Thus, the filing of a separate petition is unnecessary, even where, as here, plaintiff "improperly characterize[s] [its] pleading as a complaint rather than a petition".  See Trs. of New York City Dist. Council of Carpenters Pension Fund v. Premium Sys., Inc., No. 12-1749, 2012 U.S. Dist. LEXIS 117506, at *5-6 n.2 (S.D.N.Y. Aug. 20, 2012).

In treating the Complaint as a petition, this Court finds it need only address the counts seeking confirmation of the award.  See Doctor's Assocs. v. Patel, 2014 U.S. Dist. LEXIS 123730, at *7 (D.N.J. Sept. 5, 2014).  Considering Plaintiff's submissions and factual allegations, taken as true for purposes of the default judgment, the Court concludes that there is no evidence that the arbitrator exceeded his powers or imperfectly executed them as to meet the applicable standard[1] and,

---

[1] Courts review arbitration awards under a deferential standard of review, vacating awards only under the "exceedingly narrow circumstances listed in 9 U.S.C. § 10(a)." Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 251 (3d Cir. 2013)(quotation marks omitted).  Thus, a court may vacate an award "where the arbitrators exceeded their powers, or so imperfectly executed

accordingly, the Court will enter the default judgment confirming the arbitration award against Singh-Loodu.

Plaintiff also seeks reconsideration on the denial of default judgment against Defendant Amie, as the alter ego of Singh-Loodu. At the outset, this Court notes that Count II was not overlooked; instead, the relief was denied because the Court did not confirm the award as to Singh-Loodu, and, thus it would not confirm the award as to an alter ego. Now that this Court has reconsidered its prior decision and confirmed the award against Singh-Loodu, reconsideration of Plaintiff's second count is appropriate.

An action for confirmation, generally, "is not the proper time for a District Court to pierce the corporate veil.'" See, e.g., Orion Shipping & Trading Co. v. Eastern States Petrol. Corp., 312 F.2d 299, 301 (2d Cir. 1963). One might interpret Orion as thus barring this Court from finding alter ego liability here, as this request for judgment by default arises in the context of an action to confirm an arbitration award. See Doctor's Assocs., Inc. v. White (Doctor's I), 2013 U.S. Dist. LEXIS 132580, at *2 (D.N.J. Sept. 17, 2013)(denying default

---

them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(a); see also 9 U.S.C. § 10(a)(1)-(3)(listing other grounds for vacatur, including corruption and misconduct).

6

judgment as to alter ego liability in action to confirm arbitration award), vacated on reconsid., Doctor's Assocs., Inc. v. White (Doctor's II), No. 12-cv-07393, 2014 U.S. Dist. LEXIS 11433, at *2 (D.N.J. Jan. 30, 2014).

However, Orion was not a default judgment case and courts in this District have recognized under nearly identical circumstances that Orion does not govern in a motion for default judgment, where the alter ego Defendant has not "entered an appearance in the litigation." See Doctor's II, 2014 U.S. Dist. LEXIS 11433, at *5-6 (finding corporate entity that was not a party to an arbitration proceeding liable as an alter ego, after previously confirming an arbitration award against an individual who was a party to the arbitration proceeding); see also Doctor's Assocs. v. Patel, 2014 U.S. Dist. LEXIS 123730, at *9 (piercing the corporate veil and fining alter-ego liability in analogous context).

In addition, Orion's holding relied in part on the court's concern that a finding of alter ego liability would require "complicate[d]" proceedings with "a potentially voluminous record setting out the details of the corporate relationship[,]" which would be inappropriate in the otherwise "narrowly circumscribed" action to review an arbiter's decision under 9 U.S.C. § 10. Orion, 312 F.2d at 301. Here, however, the determination of alter ego liability in a default judgment

7

proceeding depends only on the allegations in the pleadings and does not require any fact finding at all. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)(holding that in deciding a motion for entry of default judgment, the factual allegations "of the complaint, except those relating to the amount of damages, will be taken as true.").

Turning to DA's arguments asking this Court to enforce the arbitration award against Amie and, thus, pierce the corporate veil, this Court finds the reasoning discussed in Doctor's II persuasive. Like the alter-ego defendant in in Doctor's II, Defendant Amie has not entered an appearance in this litigation. In addition, DA claims that Amie was the de facto operator of Singh-Loodu's franchise and all or most payments made pursuant to the Franchise Agreement were drawn on a bank account in the name of Amie. Finally, Amie is alleged to guarantee the obligations of Singh-Loodu to DA. Thus, this Court finds that under these specific circumstances, an alter ego finding is appropriate. See Doctor's Assocs. v. Patel, 2014 U.S. Dist. LEXIS 123730, at *9 (piercing the corporate veil and fining alter-ego liability in analogous context); Doctor's II, 2014 U.S. Dist. LEXIS 11433, at *5-6 (making an alter ego finding where entity was created solely to administer obligations under franchise agreement).

IV.   Conclusion

For all these reasons, Plaintiff's motion for reconsideration is granted and default judgment is granted on Counts I and II of Plaintiff's Complaint as to all Defendants. This Court will confirm the Arbitration Award against Singh-Loodu and Amie.  An appropriate Order will issue this date.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: October 6, 2014